# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT A. COLLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1053** (BOR Appeal No. 2050393)
                    (Claim No. 2003057057)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Scott A. Collins, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2015, in which the Board affirmed a March 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 8, 2014, decision which denied a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, an underground coal miner, applied for permanent total disability benefits on July 10, 2013, indicating he had previously received 15% permanent partial disability for the wrists, 20% for his hip and back, 12% for his neck, 1% for the forehead, and 15% for the toes/foot. The evidentiary record shows that Mr. Collins has been awarded more than 50% in permanent partial disability awards and therefore has met the first threshold necessary for a permanent total disability award under West Virginia Code § 23-4-6(n)(1) (2005). The issue at bar is whether he has met the second threshold of 50% or more whole person impairment.

1

On September 3, 2009, Joseph Grady, M.D., performed an independent medical evaluation in which he assessed post bilateral hip replacement for a history of avascular necrosis and lumbar sprain superimposed on multilevel degenerative changes. He assessed 0% lumbar spine impairment and 20% impairment for each hip for a combined total of 36% impairment. Sushil Sethi, M.D., also performed an independent medical evaluation. On September 9, 2013, he assessed 4% impairment for the lumbar spine and placed Mr. Collins in lumbar category II of West Virginia Code of State Rules § 85-20-C (2006) and adjusted the rating to 5%. For the left hip, he assessed 20% impairment. For carpal tunnel syndrome, he assessed 2.5% impairment and 2.5% for the ulnar nerve for 5% upper extremity impairment which equals 3% whole person impairment. For the cervical spine, he assessed 5% impairment. He assessed 1% impairment for a facial scar and 10% for the right foot. The combined total impairment was 37%.

On October 6, 2014, the Permanent Total Disability Review Board issued its final recommendations. It found that Dr. Sethi's independent medical evaluation was the most credible of record. It agreed with his assessments of everything but the upper extremity impairment. It found that Dr. Sethi assessed 5% impairment; however, only 2.5% ulnar nerve impairment could be considered pursuant to West Virginia Code § 23-4-6(n)(4)(A) (2005). As 2.5% converts to 2%, it found 2% whole person impairment for the upper extremity. It also found 20% left hip, 15% right foot, 5% cervical spine, 4% lumbar spine, and 1% forehead laceration impairment. Mr. Collins's total whole person impairment was assessed at 40%. Because the threshold for whole person impairment for a permanent total disability award is 50%, the Board concluded Mr. Collins failed to meet the requirement necessary for further consideration. The claims administrator denied his request for a permanent total disability award on October 8, 2014.

The Office of Judges affirmed the claims administrator's decision on March 27, 2015. It found that with regard to carpal tunnel syndrome, as the Permanent Total Disability Review Board noted, carpal tunnel syndrome cannot be considered in meeting the 50% impairment threshold. With regard to the bilateral hip replacements, the Office of Judges determined that a prior Office of Judges' Order found that Mr. Collins had bilateral hip replacements; however, that is not the same as finding the condition compensable. The Office of Judges determined that it was merely noted in dicta that he had undergone bilateral hip replacements. The Office of Judges noted that the West Virginia Supreme Court of Appeals found the left hip compensable on June 10, 2009. It found nothing in the evidentiary record indicating the right hip was held compensable. The Office of Judges next noted that Mr. Collins's main complaint, aside from the right hip exclusion, was that the right shoulder was not rated. The Office of Judges found that even if he had 5% right shoulder impairment, as Dr. Grady found, he would still not meet the 50% whole person impairment threshold. Because the threshold was not met, the denial of a permanent total disability award was denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 30, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Collins met the first threshold for a permanent total disability award under West Virginia Code § 23-4-6(n)(1), showing that he had been awarded more than 50% in

permanent partial disability awards. However, he failed to meet the second threshold of 50% whole body impairment. The Permanent Total Disability Review Board assessed Mr. Collins's whole person impairment at 40%, which is below the threshold. Its conclusion is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3